IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Carla Carpenter, ) | CIVIL ACTION NO. 9:13-2024-SB-BM |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | **REPORT AND RECOMMENDATION** |
| HHB&T Convention Center, Inc. d/b/a ) | |
| Hilton Head Island Beach & Tennis Resort, ) | |
| ) | |
| Defendant. ) | |
| ) | |

This action was filed by the Plaintiff, a former employee of the Defendant, alleging that the Defendant discriminated against her in violation of the Americans with Disabilities Act (ADA) (First Cause of Action), on the basis of her race and marital status in violation of Title VII of the Civil Rights Act (Second Cause of Action), violated her rights under 42 U.S.C. § 1981 (Third Cause of Action), violated her rights under the Family and Medical Leave Act (FMLA) (Fourth Cause of Action), violated the public policy of South Carolina (Fifth Cause of Action), and violated her right of free association (Sixth Cause of Action). By Consent Order filed October 31, 2013, Plaintiff's Sixth Cause of Action was dismissed.

With respect to Plaintiff's remaining causes of action, discovery was to be completed by May 1, 2014, mediation conducted by June 10, 2014, with any dispositive motions to be filed by June 25, 2014. See Court Docket No. 17. On March 20, 2014, the Defendant filed a motion to compel pursuant to Rules 36 and 37 of the Federal Rules of Civil Procedure, seeking an order



1

requiring Plaintiff to respond to the Defendant's first set of interrogatories and first request for production of documents.  The Defendant asserted in its motion that these discovery requests were served on the Plaintiff on February 7, 2014, but that notwithstanding attempts to obtain discovery responses through communications with the Plaintiff's counsel, Plaintiff failed to respond to Defendant's discovery requests.  Thereafter, in a notice of motion and motion to be relieved as counsel filed by Plaintiff's counsel on March 25, 2014, Plaintiff's counsel advised the Court that Plaintiff was no longer assisting or participating in the prosecution of this case.  Plaintiff's counsel represented to the Court that he had made numerous attempts to contact the Plaintiff, but that Plaintiff's telephone number had been disconnected and he had not received any responses to correspondence mailed to the Plaintiff.  Plaintiff's counsel further stated that he even hired a private investigator to locate the Plaintiff, but that he had been unsuccessful in learning Plaintiff's whereabouts.  Therefore, Plaintiff's counsel sought to be relieved as counsel in this case, and stated that Plaintiff had been advised of this request by the mailing of counsel's motion to the Plaintiff at her last known address.

        Based on the foregoing, the Court issued an Order on March 26, 2014 requiring the Plaintiff to advise the Court, in writing within ten (10) days of the date of that Order, as to whether or not she had any objection to her counsel being relieved in this case.  Plaintiff was further advised that if she did object and provided the reasons therefore, the Court would issue such further orders as were necessary and appropriate.  However, if Plaintiff had no objection, then as part of her response she was to provide either the name of new counsel who will be representing her, or her personal contact information if she was going to prosecute this case pro se.  See Rule 11(a), Fed.R.Civ.P.



Finally, Plaintiff was further advised in that Order that, if she failed to respond as directed therein, this action would be dismissed pursuant to Rule 41(b), Fed.R.Civ.P., for failure to prosecute. Link v. Wabash Railroad Co., 370 U.S. 626, reh'g. denied, 371 U.S. 873 (1962)[Federal courts possess the inherent authority to dismiss a case with prejudice]; Chandler Leasing Corp. v. Lopez, 669 F.2d 919, 920 (4th Cir. 1982)[Setting forth criteria for dismissal under Rule 41(b)]; see also Ballard v. Carlson, 882 F.2d 93, 95 (4th Cir. 1989), cert. denied sub nom., Ballard v. Volunteers of America, 493 U.S. 1084 (1990) [Magistrate judge's prior explicit warning that a recommendation of dismissal would result from Plaintiff failing to obey his order was proper grounds for the district court to dismiss suit when Plaintiff did not comply despite warning]. Plaintiff's counsel was directed to forward that Order by certified mail to the Plaintiff at her last known address, and to file proof of service (or attempted service, if service was unsuccessful) with the Court.

Plaintiff's counsel has now filed proof of service with the Court showing service of the Court's Order on the Plaintiff at her last known address, and that the document was returned with the notation "Return to Sender. Not deliverable as addressed. Unable to Forward." See Court Docket No. 27. Therefore, it is **recommended** that this action be dismissed, with prejudice, for failure to prosecute. Plaintiff is personally responsible for the failure to pursue her claims and for this case proceeding in a dilatory fashion; her failure to participate in discovery and other conduct requiring the filing of motions by the Defendant has prejudiced the Defendant's ability to defend against her claims while requiring the Defendant to continue to expend time and money on this case; and there are no sanctions available less drastic than dismissal, as Plaintiff's whereabouts are unknown and there is no indication that any further orders requiring action by the Plaintiff will be obeyed. Lopez, 669 F.2d at 920.



The Clerk is directed to mail a copy of this Report and Recommendation to Plaintiff at her last known address.

The parties are directed to the notice page attached hereto.

_____
Bristow Marchant
United States Magistrate Judge

April 15, 2014
Charleston, South Carolina



**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume
United States District Court
Post Office Box 835
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

