IN THE UNITED STATES DISTRICT COURT CLERK'S OFFICE
FOR THE DISTRICT OF SOUTH CAROLINA

2014 MAY -6 A 9:43

Carla Carpenter,  )
 )
          Plaintiff,  )
 )  Civil Action No. 9:13-2024-SB
v.  )
 )
Convention Center, Inc. d/b/a Hilton  )  **ORDER**
Head Island Beach & Tennis Resort,  )
 )
          Defendant.  )
_____)

      This matter is before the Court upon the Plaintiff's complaint alleging discrimination and violations of, *inter alia*, the Americans with Disabilities Act, Title VII fo the Civil Rights Act, the Family and Medical Leave Act, and the public policy of South Carolina. ON February 4, 2014, the Court adopted the Magistrate Judge's R&R and dismissed the Plaintiff's claims for violation of public policy and violation of the right of free association.



      Discovery was to be completed by May 1, 2014, but on March 20, 2014, the Defendant filed a motion to compel pursuant to Rules 36 and 37 of the Federal Rules of Civil Procedure, seeking an order requiring the Plaintiff to respond to the Defendant's first set of interrogatories and first request for production of documents. Notwithstanding the Defendant's attempts to obtain discovery responses through communication with the Plaintiff's counsel, the Plaintiff failed to respond to the Defendant's discovery requests.

      Thereafter, on March 25, 2014, the Plaintiff's counsel advised the Court in a motion to be relieved as counsel that the Plaintiff was no longer assisting or participating in the case. Counsel represented that he made numerous attempts to contact the Plaintiff, but the telephone number was disconnected. Counsel also represented that he hired a private

investigator to locate the Plaintiff, but that the Plaintiff was not located.

In light of the foregoing, the Magistrate Judge issued an order on March 26, 2014, requiring the Plaintiff to advise the Court within ten days as to whether she objected to her counsel being relieved. The Magistrate Judge also instructed the Plaintiff that if she failed to respond as directed, the action would be dismissed pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute.

The Plaintiff's counsel, as instructed, filed proof of service of the Magistrate Judge's March 26 order on the Plaintiff's last known address; however, the document was returned with the notation "Return to Sender. Not deliverable as addressed. Unable to forward." (Entry 27.) Consequently, the Magistrate Judge issued a report and recommendation ("R&R") on April 15, 2014, recommending that the case be dismissed with prejudice for failure to prosecute. In so recommending, the Magistrate Judge noted that the Plaintiff is personally responsible for the failure to pursue her claims; that the Plaintiff's failure to participate in discovery has prejudiced the Defendant's ability to defend against the claims while requiring the Defendant to expend time and money on this case; that no less drastic sanctions are available; and that there is no indication that further orders of the Court will be obeyed in light of the Plaintiff's unknown location. Attached to the R&R was a notice advising the Plaintiff of the right to file written objections to the R&R within fourteen days of receiving a copy. To date, no objections have been filed.



The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. Mathews v. Weber, 423 U.S. 261 (1976). The Court is charged with making a de novo determination only of those portions of the R&R to which

specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). In the absence of specific objections, the Court reviews the matter only for clear error. See Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.' ") (quoting Fed. R. Civ. P. 72 advisory committee's note).

Here, because no objections were filed, the Court has reviewed the record, the applicable law, and the findings and recommendations of the Magistrate Judge for clear error. Finding none, the Court hereby adopts the R&R (Entry 30) and dismisses this action with prejudice pursuant to Rule 41(b) for failure to prosecute.

**AND IT IS SO ORDERED.**

Sol Blatt, Jr.
Senior United States District Judge

May 5, 2014
Charleston, South Carolina



3